IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 23-10123-01-EFM |
| DAVID M. FOLLETT, ) | |
| Defendant. ) | |

## DEFENDANT FOLLETT'S SENTENCING MEMORANDUM

The defendant, David M. Follett, by and through his court-appointed attorney, Paul S. McCausland, pursuant to Fed. R. Crim. P. 32 and Local Rule CR32.1(c), submits this memorandum in support of a sentence at the low end of the sentencing range proposed by the parties in the plea agreement submitted to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Mr. Follett entered a plea of guilty on March 26, 2025 to Count 3 of the Indictment charging a violation of 18 U.S.C. §2252A(a)(2), Distribution of Child Pornography. (Doc. 33). Mr. Follett's sentencing hearing is scheduled on August 11, 2025, at 2:00 p.m. In the plea Agreement, the parties request that the Court impose a sentence within an agreed range of 108 to 126 months. This range is below the applicable guideline range for the offense, as calculated by the United States Probation Office (USPO). The defendant believes a sentence at the low end of the proposed range is substantively reasonable in this case under the sentencing factors in 18 U.S.C. § 3553(a) and considering the mitigating circumstances in Mr. Follett's life history.

### I. Proposed Sentence.

The parties propose, as an appropriate disposition of this case:

(a)   a sentence within the range of 108-126 months in prison on Count 3, 18 U.S.C. §2252A(a)(2);

(b)   five (5) years of supervised release;

(c)   no fine;

(d)   the mandatory special assessment of $100.00;

(e)   waiver of the JVTA assessment due to the defendant's indigent status;

(f)   restitution, as outlined in the plea agreement ; and

(g)   forfeiture of the device used in the commission of the offense.

Plea Agreement. (Doc. 33 ¶ 3).

### II. The Presentence Investigation Report.

**The Offense Level**.

As ordered by the Court, the U.S. Probation Office (USPO) conducted a presentence investigation and prepared a PSIR. (Doc. 43). The USPO calculated the defendant's offense level using the 2024 Guidelines Manual. U.S.S.G. §1B1.11. (PSIR ¶ 38). The defendant's Base Offense Level is 22. (PSIR ¶ 39. Specific Offense Characteristics including a prepubescent minor §2G2.2(b)(2) (+ 2 levels); distribution §2G2.2(b)(3)(F) (+ 2 levels); SMV, U.S.S.G. §2G2.2(b)(4)(+ 4 levels; use of a computer §2G2.2(b)(6) (+2 levels) and over 600 images §2G2.2(b)(7) (+5 levels) for an adjusted offense level to 37. (PSIR ¶¶40-44). With acceptance of responsibility under U.S.S.G. §3E1.1(a) and (b) the Total Offense Level is 34. (PSIR

¶ 52).

### Criminal History Category.

The defendant's total criminal history score is 0. His criminal history category is I. (PSIR ¶¶ 56, 57).

### Guideline Range.

The advisory guideline imprisonment range is 151 to 188 . (PSIR ¶ 94).

### Restitution.

The PSIR ¶ 138 provides for restitution in the total amount of $20,000, payable in the sum of $10,000 each to the two identifiable victims.

### III. The Client's Background.

### A. Childhood.

David Matthew Follett was born on September 13, 1986, in Denver, Colorado to David Michael Follett and Kristina Galbraith. He was a second child and has a sister, Victoria Follett, who resides in El Dorado, Kansas. Mr. Follett's parents divorced shortly after he was born. The defendant's mother married Martin Galbraith in 1991, and his father married Caroline Follett in 2001. (PSIR ¶¶ 64, 65). Mr. Follett recalls a troublesome childhood. After his parents divorced, he split time between their homes. He recalls them fighting over him for years. He lived between Kansas and Texas, typically for not more than a year or two at a time. His longest stay with his father was between 1996 and 2003.  The defendant was physically, mentally, sexually and emotionally abused as a child. He indicating he was "punished for everyone" and recalls being beat with a leather belt or wooden

3

stick. (PSIR ¶ 67, 77. Today, the defendant has regular contact with his father, who resides in El Dorado, Kansas. His father visits him approximately three times per week. His mother lives in Garland, Texas and they have limited contact. (PSIR ¶ 65).

The defendant reports a long history of mental illness and a family history of substance abuse, schizophrenia and bipolar disorder. Mr. Follett disclosed he was sexually abused by his paternal grandfather, which began at a young age, when his grandfather forced the defendant and his cousins to perform sex acts on each other. He stated this also involved sex acts with neighbor children. His parents were never aware of the abuse. (PSIR ¶ 83).

Mr. Follett experienced depression beginning at a young age. His depression has been sporadic and sometimes lasts more than a month at a time. (PSIR ¶77). Mr. Follett was diagnosed with schizophrenia at the age of four. At age five, he allegedly attempted to strangle his brother and was hospitalized in a mental health facility. At the age of six, he was diagnosed with manic depression. During his adolescent years, he was prescribed many medications, including Seroquel, Zoloft, Risperdal, Lithium, Wellbutrin, and Depakote. He was on several medication combinations. By the time he was 18, he had stopped taking all medications. (PSIR ¶78).

Mr. Follett has attempted suicide several times—he tried to cut his wrists, hang himself, and starve and dehydrate his body. In October 2023, he put a gun to his head and pulled the trigger. His ears rang and he had a migraine, but was still

alive.

**Military Service.**

In 2007, Mr. Follett enlisted in the United States Army. He completed basic training at Fort Leonard Wood, Missouri and was stationed at Fort Campbell, Kentucky. (PSIR ¶68). He completed two deployments to Afghanistan—from March 2008 to March 2009 and from August 2010 to August 2011. (PSIR ¶89). He was a combat engineer and was discharged as SPC-E4. He was wounded multiple times while serving his country.

In 2008, he fell off a combat vehicle and injured his left leg and tore the labrum in his right shoulder. He has balance issues, utilizes a cane and has had reconstructive surgery on his shoulder due to this incident. He has participated in extensive physical therapy following these injuries. In a separate incident that year, he witnessed several of his comrades being killed in combat—in an IED explosion they were burned to death. On September 16, 2010, the defendant suffered a traumatic brain injury (TBI) from another IED explosion. He has chronic headaches, high blood pressure, short term memory loss, and has had to relearn how to write because of his injuries. Mr. Follett currently takes Topiramate for migraine headaches resulting from the TBI. (PSIR ¶¶ 73, 74).

In 2009, while he was residing in Kentucky, he attempted suicide, which left him hospitalized for several weeks. In 2013, he had another attempt, while he was at Fort Hood, Texas, and hospitalized for a few weeks. In 2018, he was hospitalized again in Dallas, Texas to avoid another suicide attempt. (PSIR ¶ 81).

In 2019, Mr. Follett was diagnosed with Post Traumatic Stress Disorder (PTSD) and began group therapy sessions at the Robert Dole VA. He was in group therapy until his arrest. He is not presently under the care of a mental health professional. He currently does not take any prescription medication for his mental health related issues. (PSIR ¶ 82).

The defendant has a 100% disability rating from the Veteran's Administration. His Special Monthly Compensation Category is "L" which is awarded to veterans who require significant assistance with daily living due to severe disabilities. Mr. Follett's Rated Disabilities, and their percentages are as follows:

> Post Traumatic Stress Disorder- 100%
> Migraine Headaches- 50%
> Lumbosacral or Cervical Strain- 20%
> Traumatic Brain Disease- 10%
> Limited Flexion of Knee- 10%
> Facial Scars- 10%
> Knee Condition- 10%
> Tinnitus- 10%
> Bursitis- 10%

(PSIR ¶ 75).[1]

Upon returning to the U.S. after his last deployment, Mr. Follett was stationed at Fort Hood, Texas from January 2012 until his honorable discharge on February 27, 2015. The defendant earned two Army Commendation Medals, a Good Conduct Medal and other service citations as shown on his Certificate of

---

[1] The rating is obviously more than 100%, but these are the percentages taken verbatim from his VA medical records.

Discharge attached hereto as Exhibit 1, filed under seal with this memorandum.

**Personal Relationships.**

The defendant has been married twice. His military records show he was previously married to Erica Marie Follett in 2011. This marriage lasted less than one year. Mr. Follett disclosed to the VA that Erica was mentally, physically, and emotionally abusive toward him and he left. (PSIR ¶ 69).

On August 15, 2016, he married Summer Moore. In March 2017, Stacey Edgette joined their relationship and the three had a polyamorous relationship. Mr. Follett fathered children with each of these women. With Summer, he has a daughter, Clara Follett, age eight. With Stacey, he has a daughter, Alyssa Edgette, age seven. In October 2019, Mr. Follett, Summer and Stacey moved to El Dorado, Kansas. Their relationship began to fail in late 2000 and early 2001. Both women moved out in August 2021. Mr. Follett and Summer Moore divorced in April 2022. His daughter, Clara, resides with the defendant's father in El Dorado. He had regular contact with her before his arrest. Alyssa resides with Stacey in Texas. The defendant has not had any contact with her since November 2023. (PSIR ¶¶ 70, 71).

**Dr. Flesher's Evaluation, Report and Recommendations.**

On January 14, 2025, at defense counsel's request, Mr. Follett underwent a psychological evaluation with Dr. Mitchell Flesher, Ph.D., a licensed psychologist. On January 29, 2025, Dr. Flesher conducted a follow-up interview. Although none of Mr. Follett's injuries or life experiences are offered as an excuse for or a defense to the charges against him in this case, his physical, medical, and mental health

7

history are highly relevant as mitigating factors in determining an appropriate sentence. The results of Dr. Flesher's evaluation, testing and interviews are contained in his 9-page report dated February 12, 2025, Exhibit 2, filed under seal with this memorandum. Dr. Flesher made his report and diagnoses from the information described in his report and his clinical interviews and the psychological testing of Mr. Follett.

Dr. Flesher noted that Mr. Follett has one daughter from his second marriage, and that child is now almost eight years old and lives with Mr. Follett's father. He also has a child who is nine months old from a relationship with another woman who lived with Mr. Follett and his second wife. Mr. Follett indicated to Dr. Flesher that they lived together as a "happy family for three years," and the family dynamic "was working until the grandparents started meddling."

Mr. Follett reported that he was sexually abused by "an uncle" at age six, and that abuse continued several times per month until his family moved to Texas when he was age nine. His first consensual sexual encounter occurred at age twenty with a female partner who was six years older—he had sex with that woman only once. Mr. Follett reported a total of seven sexual partners, all female. He denied having any sexual partners who were significantly younger, except his second wife who was ten years younger.

Mr. Follett reported chronic anxiety since childhood that primarily occurred in the form of excessive worry and tenseness. After his combat tours, Mr. Follett also experienced symptoms of post-traumatic stress disorder, including

re-experiencing of traumatic events from his deployments, avoidance behavior, changes in mood and thinking, and increased arousal. He reported intense panic attacks since his military service that consist of a racing heart rate, sweating, shakiness, and shortness of breath. He attributed the post-traumatic stress symptoms to various events that occurred during his deployments including his vehicle striking an IED which resulted in him being injured and another incident in which several friends died when their Humvee struck a similar explosive device that was buried in the road.

     Dr. Flesher conducted the usual standard tests designed to determine Mr. Follett's intellectual functioning, cerebral functioning, learning capacity, working memory, and psychological symptoms and personality features. The testing indicates that Mr. Follett functions within the Average range in overall intellect and academic achievement. The broad-based assessment of personality and psychopathology was invalid and uninterpretable due to over-reporting of problems and symptoms. Dr. Flesher found, however, a measure of trauma appeared to be valid and suggested significant trauma symptoms consistent with his history of childhood sexual abuse and documented combat. Based on his reported history, clinical presentation, and psychological test findings, Dr. Flesher diagnosed Mr. Follett with Post-Traumatic Stress Disorder.

     Dr. Flesher also conducted a number of tests to determine the likelihood that Mr. Follett poses a risk for sexual recidivism. These tests are described in detail in the report. Dr. Flesher recognizes four primary purposes of imprisonment are

punishment, deterrence, incapacitation, and rehabilitation. His research indicates incarceration, examined in terms of length of prison term or terms of prison versus probation, has not been found to have a significant impact on sexual recidivism. Further, he states that research regarding child sexual exploitation material-only offenders suggests that the likelihood of a subsequent CSEM conviction is very low (less than 5%), and the risk of a subsequent contact offense is even more unlikely (1% or less). Consequently, it is Dr. Flesher's opinion that incapacitation does not appear to be a warranted consideration for sentencing in this type of case. Standard court supervision conditions are likely to be sufficient to ensure the safety of the community and to encourage Mr. Follett to avoid further criminal justice involvement.  Dr. Flesher notes that Mr. Follett appears to suffer from Post-Traumatic Stress Disorder arising from his combat experiences in Afghanistan, as well as reported child sexual abuse. His recommended treatment for this condition includes psychiatric medication management with formulary choices that includes anti-depressant medication, sleep aids, and alpha-blockers, as well as trauma-informed group and individual psychotherapy such as Eye Movement Desensitization and Reprocessing (EMDR), Prolonged Exposure Therapy (PET), and Cognitive Processing Therapy (CPT). In Dr. Flesher's opinion, those services are readily available and best administered to Mr. Follett through the Department of Veterans Affairs medical facilities.

    This brings us to the remaining issue of what sentence is necessary under §3553(a)(2) for the sentence imposed--(A) to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense. Dr. Flesher does not give an opinion on these factors.

### IV. Mr. Follett's Mitigating Factors Justify the Variance Sentence In The Rule 11(c)1)(1) Plea Agreement.

The parties propose a sentencing range of 108 to 126 months as a sentence consistent with the sentencing factors of 18 U.S.C. §3553(a). That includes (1) the nature and circumstances of the offense and the history and characteristics of the defendant. Even under the guidelines, there are mitigating factors that justify a departure from the advisory guideline imprisonment range. "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.3. Additionally, "[p]hysical condition or appearance, including physique, may be relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.4. What the parties propose is not a departure, however. They propose a variance below the guideline range.

The Court's task, as a district court, is not to arrive at a reasonable sentence—it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a).

"[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." *United States v. Lovato*, 798 F. Supp. 2d 1257, 1259–60 (D.N.M. 2011), quoting *United States v.*

*Conlan*, 500 F.3d 1167, 1169 (10th Cir.2007).

Mr. Follett is a thirty-eight year old wounded veteran with a distinguished military career. As a result of his service, he suffers from numerous physical and emotional impairments resulting from injuries suffered when he was wounded during his two terms of duty in Afghanistan, including a traumatic brain injury and PTSD. He has been receiving SSI benefits and Veterans Administration benefits based on his physical and mental disabilities and his inability to engage in gainful employment. He does not have any prior convictions. A defendant's military service and lack of criminal history are permissible considerations in a "variance" determination under 18 U.S.C. § 3553(a). *United States v. Reilly*, 662 F.3d 754, 759–60 (6th Cir. 2011). He also suffered trauma from abuse suffered during his childhood and adolescence. A defendant's childhood experiences as a victim of sexual abuse can act as a significant mitigating factor. *United States v. Pelloski*, 31 F. Supp. 3d 952, 961–62 (S.D. Ohio 2014), citing *United States v. Janosko*, 355 Fed.Appx. 892, 894 (6th Cir.2009) (treating defendant's sexual abuse as a child as a mitigating factor when sentencing child pornography offender). *See also, United States v. Prisel*, 316 Fed.Appx. 377, 382 (6th Cir.2008) (same); *United States v. Grober*, 595 F.Supp.2d 382, 410 (D.N.J.2008) (same); *United States v. Hanson*, 561 F.Supp.2d 1004, 1007 (E.D.Wis.2008) (same). A defendant's lack of criminal history may weigh in favor of a lesser sentence of incarceration. *United States v. Qualls*, 373 F.Supp.2d 873 (E.D.Wis.2005) ("It is appropriate for a court, when considering

12

the type of sentence necessary to protect the public and deter future misconduct, to note the length of any previous sentences imposed. Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."). Further, the defendant's age, education, minimal criminal history, and acceptance of responsibility are indicative of a low-risk offender, amenable to rehabilitation. Melissa Hamilton, *The Child Pornography Crusade and Its Net–Widening Effect*, 33 Cardozo L.Rev. 1679, 1726 (2012).

Finally, it is appropriate for the Court to consider the defendant's struggles with PTSD resulting from his childhood sexual abuse as an additional mitigating factor in his favor. *See United States v. Campbell*, 976 F.3d 775, 777 (8th Cir. 2020)( the sentencing court considered the defendant's childhood sexual abuse "not a wholly mitigating factor but a partially mitigating factor in light of the research that does suggest the cycle of violence unfortunately does continue."

Mr. Follett does not seek to avoid all punishment or even lengthy incarceration for his conduct.  He only asks the Court to accept the plea agreement and impose a low-end sentence of imprisonment.  He accepts all other consequences and responsibilities for his offense, including five years of supervised release, restitution to the identifiable victims set out in the PSIR ¶ 138 and any other punishment required by law.

Wherefore, the defendant David Follett respectfully prays that the Court impose a sentence of 108 months for the reasons set forth above.

Respectfully submitted,

LAW OFFICE OF PAUL S. MCCAUSLAND
P.O. Box 780112
Wichita, Kansas 67278
Mobile: (316) 619-5874
mccauslaw@gmail.com

By: s/ Paul S. McCausland
Paul S. McCausland, KS # 08878
Attorney for David M. Follett

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant David M. Follett hereby certifies that, on this 4 th day of August 2025, I electronically filed the foregoing memorandum with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Jason W. Hart, Assistant United States Attorney, counsel for the United States. A courtesy copy was served to Carly D. Feldhausen, Senior U.S. Probation Officer, via email.

 s/ Paul S. McCausland
Paul S. McCausland, KS # 8878